UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LYNN DAVID, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASATCH COUNTY, UTAH, a Utah political subdivision of the State of Utah, et al.,<br><br>Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF LYNN DAVID'S SHORT FORM DISCOVERY MOTION TO COMPEL DEFENDANTS' DOCUMENT PRODUCTION IN RESPONSE TO DISCOVERY REQUESTS (DOC. NO. 55)**<br><br>Case No. 2:24-cv-00215<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Lynn David brought this against Wasatch County, Utah, and various county councilmembers and employees, alleging they allowed an illegal boulder extraction operation adjacent to his property and retaliated against him for reporting and complaining about it.[1]

Mr. David has filed a motion to compel,[2] arguing Defendants' responses to certain interrogatories and requests for production ("RFPs") were inadequate. Defendants filed an opposition,[3] maintaining their objections to RFP 9 and indicating they planned to amend and supplement their responses to the other disputed discovery

---

[1] (*See generally* Compl., Doc. No. 1.)

[2] ("Mot.," Doc. No. 55.)

[3] ("Opp'n," Doc. No. 58.)

requests. After the motion was fully briefed, Defendants served amended discovery responses.[4] The court held a hearing on the motion on December 3, 2024.

For the reasons stated at the hearing, the motion is granted in part and denied in part, and the court ORDERS as follows:

1.   **RFP 9:**  The motion is granted in part and denied in part as to RFP 9. This request seeks "all personal and business telephone records between" six of the individual defendants (council members and employees) from January 2020 to the present.[5] Defendants objected to this request as unduly burdensome and overbroad (among other grounds).[6] Mr. David argues this request is relevant to his claim that Defendants conspired to violate his First Amendment rights by preventing him from speaking, or limiting his speech, during county council meetings.[7] Defendants argue the request unnecessarily invades their privacy, and the requested phone records are irrelevant because they would not show the content of the calls.[8] As explained at the hearing, RFP 9 is overbroad as written because the five-year timeframe is likely to include voluminous call records unrelated to the claims in this case. However, at the hearing, Mr. David's counsel indicated the timeframe of RFP 9 could be limited to a

---

[4] (*See* Doc. No. 59.)

[5] (*See* Ex. A to Mot., Pl.'s First Set of Interrogs., RFPs, and Reqs. for Admis. at 7, 11, Doc. No. 55-1.)

[6] (*See* Ex. B to Mot, Wasatch Cnty. Defs.' Resps. To Pl.'s First Set of Interrogs. and RFPs at 10, Doc. No. 55-2.)

[7] (*See* Mot. 3, Doc. No. 55; *see also* Compl. ¶¶ 114–122, Doc. No. 1.)

[8] (*See* Opp'n 3, Doc. No. 58.)

week before and after three specific council meetings held on July 20, 2022, August 3, 2022, and February 15, 2022. With this limitation, RFP 9 is relevant to Mr. David's conspiracy claim and proportional to the needs of the case.[9] Therefore, Defendants are ORDERED to produce documents responsive to RFP 9 for this limited timeframe.

2. **Other Disputes:** The motion is denied as moot as to all other disputes raised in the motion, in light of Defendants' service of amended discovery responses. The amended responses were not filed on the docket, and neither party submitted briefing regarding the adequacy of the amended responses. If disputes remain regarding the amended responses which the parties are unable to resolve after a meaningful meeting and conferral, a new discovery motion may be filed.

DATED this 4th day of December, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[9] *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").