UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LYNN DAVID, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASATCH COUNTY, UTAH, a Utah political subdivision of the State of Utah, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br>**(DOC. NO. 65)**<br><br>Case No. 2:24-cv-00215<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Lynn David brought this action against Wasatch County, Utah, and various county councilmembers and employees, alleging they allowed an illegal boulder extraction operation adjacent to his property and retaliated against him for reporting and complaining about it.[1] Mr. David asserts claims for violation of his free speech rights under the United States and Utah constitutions, civil conspiracy, retaliation, and declaratory judgment. In March 2025, Mr. David moved for leave to file an amended complaint, seeking to add new allegations supporting his claims and a request for punitive damages.[2] Defendants oppose the motion, arguing it is unduly delayed and

---

[1] (*See* Compl., Doc. No. 1.)

[2] (Pl. Lynn David's Mot. for Leave to File First Am. Compl. (Mot.), Doc. No. 65.)

prejudicial, and the request for punitive damages is futile.[3]  Because the proposed amendment is timely, is not unduly prejudicial, and the merits of the punitive damages request is more appropriately addressed at a later stage, Mr. David's motion is granted.

LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4]  Rule 15 instructs courts to "freely give leave when justice so requires."[5]  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[6]  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [the] claim on the merits."[7]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

---

[3] (Wasatch County Defs.' Opp'n to Pl.'s [Mot.] for Leave to File First Am. Compl. (Opp'n), Doc. No. 75.)

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[7] *Id.* (citation omitted).

allowed, or futility of amendment."[8]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[9]

## ANALYSIS

Defendants oppose the proposed amendment on grounds of undue delay, prejudice, and futility.  Each factor is addressed in turn.

1. *Undue Delay*

Mr. David argues there is no undue delay because he filed his motion by the deadline in the scheduling order for moving to amend pleadings, and many of the new allegations are based on information recently learned in depositions.[10]  Defendants respond that some of the new allegations were known to Mr. David when he filed his initial complaint—including allegations that the county failed to publicize rules for public comments during council meetings, and prevented Mr. David from speaking at a particular meeting.[11]  Based on this, Defendants argue Mr. David had enough information to determine whether to seek punitive damages at the outset of the case.[12]

In reply, Mr. David counters that many of the new allegations are based on information recently learned in depositions, including that councilmembers discussed limiting Mr. David's participation in council meetings; councilmembers were unaware of

---

[8] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[9] *Minter*, 451 F.3d at 1207.

[10] (Mot. 2, 5, Doc. No. 65.)

[11] (Opp'n 5, Doc. No. 75.)

[12] (*Id.*)

whether the council had a formal public comment policy and did not follow the policy if there was one; and defendants failed to enforce their own code or charge a fine for operating without permit for multiple years despite knowing about the ongoing operations.[13]  Mr. David asserts this recently discovered information provides evidence of "evil motive or reckless indifference" supporting a request for punitive damages.[14]

Mr. David's proposed amendment is not unduly delayed.  Denial of leave to amend on this ground may be appropriate "when the party filing the motion has no adequate explanation for the delay."[15]  But here, Mr. David has shown many of the new allegations, including those supporting punitive damages, are based on information recently learned in discovery.  Thus, he could have not included them in his original complaint.  And where the punitive damages request is based, at least in part, on this new information, it is not unduly delayed.[16]  Further, Mr. David filed his motion within the deadline set by the scheduling order.[17]  Under these circumstances, there is no undue delay.

---

[13] (*See* Pl. Lynn David's Reply Mem. in Supp. of His Mot. for Leave to File First Am. Compl. 3–4, Doc. No. 78.)

[14] (*Id.* at 3.)

[15] *Minter*, 451 F.3d at 1206 (citation omitted).

[16] *Cf. McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (affirming denial of leave to amend where a "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint"); (Opp'n 5, Doc. No. 75 (relying on *McKnight*)).

[17] (*See* Scheduling Order, Doc. No. 47.)

### 2. Undue Prejudice

The "most important" factor in deciding a motion to amend pleadings is "whether the amendment would prejudice the nonmoving party."[18] The amendment must "*unfairly* affect[] the defendants in terms of preparing their defense to the amendment."[19] Undue prejudice can occur "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[20] But the fact that a defendant may have more claims to defend against does not, alone, create undue prejudice.[21]

Defendants argue they will be unfairly prejudiced by having to defend against the new punitive damages request because it "alter[s] prior evaluations and strategies for defense" and will increase litigation costs.[22] These arguments fail to demonstrate undue prejudice. The punitive damages request arises from the same subject matter as

---

[18] *Minter*, 451 F.3d at 1207.

[19] *Id.* at 1208 (emphasis added) (internal quotation marks omitted).

[20] *Id.*

[21] *See Boulder Falcon, LLC*, No. 2:22-cv-00042, 2022 U.S. Dist. LEXIS 139309, at *13 (D. Utah Aug. 3, 2022) (unpublished) ("[E]ven if the [] Defendants are eventually required to defend against new claims, that may rise to the level of 'disappointing' but does not rise to the level of 'prejudice.'"); *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-cv-4007, 2021 U.S. Dist. LEXIS 114180, at *9 (D. Kan. June 18, 2021) (unpublished) ("That [d]efendant may have more claims to defend does not establish the requisite prejudice."); *Jarboe v. Cherry Creek Mortg. Co.*, No. 19-cv-01529, 2020 U.S. Dist. LEXIS 157277, at *10–11 (D. Colo. Aug. 28, 2020) (unpublished) ("[T]he 'prejudice' which arguably results from having to defend a lawsuit is not deemed to be 'undue' prejudice.").

[22] (Opp'n 5, Doc. No. 75.)

the original complaint.  Moreover, fact discovery is still open, giving Defendants ample opportunity to prepare their defense to the new allegations and request for punitive damages.[23]  The proposed amendment will not unduly prejudice Defendants.

### 3. Futility

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[24]  Defendants argue the punitive damages request is futile because Mr. David has produced "no evidence" of evil motive or reckless or callous indifference to his federally protected rights.[25]  But at the pleading stage, Mr. David is not required to produce evidence supporting his allegations.  Defendants' argument is more appropriate for summary judgment or trial, when Mr. David will be required to come forward with supporting evidence.  The court declines to assess the sufficiency of the evidence in the context of a motion to amend pleadings.[26]  Defendants have not shown the proposed amendment is futile.

### 4. Other Factors

Defendants do not contend any other factors justifying denial of leave to amend—bad faith, dilatory motive, or failure to cure deficiencies by amendments

---

[23] (*See* Am. Scheduling Order, Doc. No. 82.)

[24] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted).

[25] (Opp'n 6, Doc. No. 75.)

[26] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment").

previously allowed—are present here.  Where there is no basis to deny leave to amend under the relevant factors, justice requires leave to amend be granted.

## CONCLUSION

Mr. David's motion to amend[27] is granted.  Mr. David shall file his First Amended Complaint in the form found at Exhibit A to the motion within seven days.  Once filed on the docket, the First Amended Complaint will be the operative pleading in this case.

DATED this 28th day of May, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[27] (Doc. No. 65.)